| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE<br>OFFICE OF THE UNITED STATES TRUSTEE<br>74 Chapel Street, Suite 200<br>Albany, New York 12207<br>Kevin Purcell, Trial Attorney<br>(518) 434-4553 | Hearing Date: June 15, 2016<br>Hearing Time: 9:15 AM<br>Hearing Location: Albany, NY |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| *In re:* | **Case No. 16-10575 - rel** |
| **Wen Song Chen,** | **Chapter 7** |
| *Debtor.* | |

**United States Trustee's Motion to Examine Fees and to
Disgorge Excessive Fees Pursuant to 11 U.S.C. § 329**

TO:   HON. ROBERT E. LITTLEFIELD, JR.,
      UNITED STATES BANKRUPTCY JUDGE

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), by and through counsel, respectfully moves this Court for an order to examine the Debtor's counsel's fees pursuant to 11 U.S.C. § 329(a), and if warranted, to disgorge all fees found excessive ("Motion"). A hearing on the Motion is scheduled for the **15th day of June 2016 at 9:15 AM**.

In support of this motion, the United States Trustee respectfully represents and alleges as follows:

**Preliminary Statement**

Debtor's counsel, Yimin Chen, Esq., of the Law Offices of Chen & Associates, P.C. charged and received legal fees from the Debtor that far exceed the value of the services provided to the Debtor. Debtor's counsel charged $3,800 for what appears to be a "no-asset"

1

non-consumer Chapter 7 case. That amount far exceeds the market rate in the Northern District of New York. Moreover, notwithstanding charging a premium rate, counsel provided sub-standard work. Debtor's counsel used outdated, obsolete forms. Despite a Clerk's Deficiency Notice setting a deadline of April 4, 2016 as the deadline to file, Debtor's counsel failed to timely file the corrected petition, schedules and statements.

As set forth more fully below, the entire fee paid by the Debtor to counsel appears excessive and should be disgorged.

### Statement of Facts

1. On March 31, 2016, the Debtor commenced this proceeding by filing a voluntary petition under Chapter 7 of the Bankruptcy Code. Christian H. Dribusch, Esq. was appointed as Chapter 7 Trustee ("Chapter 7 Trustee").

2. The Court's docket shows that the Debtor's counsel is Yimin Chen, Esq.

3. Debtor's counsel used outdated versions of the petition, schedules and statements that became obsolete on December 1, 2015[1]. *See* Report of the Proceedings of the Judicial Conference of the United States, September 17, 2015, pages 29 – 31.

4. On March 31, 2016, the Clerk of the Court filed a Clerk's Notice of Deficient Document Filed ("Deficiency") (Doc. No. 3) giving notice that the Debtor's counsel filed the case on obsolete forms and requiring corrections be filed by April 4, 2016. As of the date of this Motion, corrected petition schedules and statements have not been filed.

---

[1] Debtor's counsel cannot argue that he did not have access to the current forms because they are publically available free-of-charge at http://www.uscourts.gov/forms/bankruptcy-forms. Moreover, Debtor's counsel used one of the new forms, the Statement of Exemption from Presumption of Abuse under § 707(b)(2) ("Official Form 122A-1 Supp.), thus establishing that counsel was aware the official forms had changed and that counsel had access to them.

5. Regarding attorney's fees, the Debtor's response to Statement of Financial Affairs ("SOFA") question 9 indicates that the Debtor paid $3,800.

6. In his Disclosure of Compensation of Attorney for Debtor ("2016(b) Statement"), the Debtor's counsel discloses a fee of $3,800[2].

7. Debtor's counsel has not filed any motion or application for a waiver of the requirements of Local Bankruptcy Rule 2016-3.

8. Debtor's counsel failed to disclose that the Debtor is or was a half owner of 1881 Central Ave., LLC, which was a prior Chapter 11 bankruptcy case in this district. *See* Case No. 12-12394.

9. None of the Debtor's eight signatures appearing on his petition, schedules and statements are dated.

## Argument

As set forth more fully below, the entire legal fee paid by the Debtor appears excessive and should be disgorged because: (a) the value of the legal services the Debtor's counsel performed appears to be far less than the amount charged; and (b) Debtor's counsel failed to comply with the Clerk's Notice to correct deficient filed documents.

Section 329 of the Bankruptcy Code in pertinent part states:

> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive…

**A.    Value of Legal Services**

Debtor's counsel charged $3,800 for his representation of the Debtor. This amount appears far in excess of the rates charged by other practitioners in the Northern District of New

---

[2] The legal fee charged for the last individual chapter 7 case that does not have primarily consumer debts, filed prior to this case was $1,650. *See* Emily S. Petersen and Joseph A. Petersen case No. 16-10553.

3

York for similar chapter 7 cases. In order to justify the fee charged, Debtor's counsel must set forth sufficient evidence to show that the services rendered were worth the premium fee.

Debtor's counsel has the burden of proving that the legal services provided were of reasonably equivalent value to the fees paid. *In re Ohpark,* 2010 WL 1930187, at *2 (Bankr. E.D. Va. May 12, 2010); *In re Wood,* 408 B.R. 841, 848 (Bankr. D. Kan. 2009) (denying all fees based in part on sloppy and inconsistent work). The Court may reduce compensation "if it finds that the amount requested is excessive or of poor quality." *In re: Bronx 439 E. 135th Street D.T. Building Corp., slip op.,* 2014 WL 200996 at *5 (Bankr. S.D.N.Y. January 17, 2014) (Debtor's counsel failed to provide services to the Debtor with any reasonable value); *In re Carmine Alessandro,* 2010 WL 3522255, *2 (Bankr. S.D.N.Y. September 7, 2010).

Debtor's counsel should be made to file support for the $3,800 fee he charged.

### B.    Clerk's Notice to Correct Deficient Documents

Debtor's counsel did not use the current Official Forms in preparing thes petition, schedules and statements. Despite the Clerk's Deficiency, Debtor's Counsel failed to correct the petition, schedules or statements in violation of Local Bankruptcy Rule 2016-3(b). Debtor's counsel's primary responsibility was to prepare and file the documents required to properly commence a chapter 7 case. By using outdated forms, Debtor's counsel failed to perform this core duty. As such, Debtor's counsel's legal fee should be disgorged in its entirety.

### Conclusion

The facts demonstrate that: (a) the value of the legal services for which the Debtor contracted appears to be far less than the amount actually charged and paid; and (b) Debtor's counsel failed to comply with the Clerk's Deficiency to correct deficient filed documents. The

4

Court should require the full disgorgement of legal fees in this case for the reasons set forth above.

**WHEREFORE,** the United States Trustee respectfully requests that the Court enter an order finding all legal fees paid by the Debtor to be excessive, directing the Debtor's counsel to disgorge the entire $3,800.00 paid by the Debtor, and for such other and further relief as the Court may deem just and proper.

DATED:    May 19, 2016            Respectfully submitted,
          Albany, New York

                                  WILLIAM K. HARRINGTON
                                  UNITED STATES TRUSTEE, REGION 2


                                  By: /s/ Kevin Purcell
                                  Kevin Purcell, Trial Attorney
                                  Bar Roll No.: 512555
                                  74 Chapel Street, Suite 200
                                  Albany, New York 12207
                                  Voice: (518) 434-4553
                                  Fax:   (518) 434-4459
                                  Email: kevin.j.purcell@usdoj.gov